NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar Number 13644
JAMES A. BLUM
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
james.blum@usdoj.gov
Attorneys for the United States

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$70,000.00 in United States Currency,<br><br>Defendant. | 2:19-CV-392-JAD-VCF<br><br>**STIPULATION AND ORDER ON DISCOVERY PROGRESS AND TO EXTEND TIME FOR THE COMPLETION OF DISCOVERY**<br><br>**(First Stipulation)** |

Pursuant to Local Rule IA 6-1, the parties state the following:

This is a civil asset-forfeiture matter, and as such it is exempted from the requirements for initial disclosures and a discovery plan set forth in Federal Rule of Civil Procedure 26(a)(1)(B)(ii) and (f) and Local Rule 26-1. In addition, the lack of a mandatory discovery plan exempts this matter from the extension-request requirements of Local Rule 26-4. However, absent a superseding court order, Local Rule 26-2 requires the completion of discovery for this civil asset-forfeiture matter within 180 days of Claimant's answer. This is the first stipulation on discovery progress and to extend time for the completion of discovery.

On March 6, 2019, Plaintiff filed its Complaint for Forfeiture in Rem. Claimant filed his Answer on May 15, 2019. On May 23, 2019, Plaintiff mailed a set of Special Interrogatories to Claimant. Claimant responded to those Special Interrogatories on June 13, 2019. On June 19, 2019, Claimant mailed his First Set of Written Interrogatories and

First Request for Production of Documents to Plaintiff. Since then, Plaintiff and Claimant have engaged in substantive and procedural discussions respecting the discovery process. Because discovery is at an early, undeveloped stage, the parties do not yet know specifically what discovery remains to be completed. However, the parties anticipate that depositions will be taken and additional interrogatories will be issued, to the extent that this matter is not resolved by a dispositive motion before such discovery.

As detailed below, the parties have agreed to (a) refrain from issuing new discovery requests and (b) extend all discovery-request deadlines pending disposition of a motion to compel. Plaintiff anticipates filing a motion to compel within the next fourteen days to address Claimant's objections and responses to certain of Plaintiff's special interrogatories, issued under Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions G(6). The parties have made good-faith, though ultimately unsuccessful, efforts to resolve the discovery dispute, including participation in a meet-and-confer mandated by Local Rule 26-7.

As noted, at this time (a) Plaintiff has issued special interrogatories to Claimant and (b) Claimant has issued interrogatories and requests for production of documents to Plaintiff. The parties have agreed to the following:

1. Plaintiff will not issue any further discovery requests to Claimant until the Court rules on Plaintiff's motion to compel;
2. Claimant will not issue any further discovery requests to Plaintiff until the Court rules on Plaintiff's motion to compel; and
3. Plaintiff's deadlines to respond to Claimant's interrogatories and requests for production of documents will be extended (a) until the Court rules on Plaintiff's motion to compel; and, (b) if Plaintiff is successful, until Claimant has amended his responses to Plaintiff's special interrogatories and Plaintiff has had a reasonable opportunity to file any appropriate motion under Supplemental Rule G(8)(c).

///

The parties agree that it would be prudent and could conserve significant resources and expenses to have Plaintiff's motion to compel adjudicated before engaging in further discovery.

The parties cannot anticipate when the Court will resolve Plaintiff's motion to compel. Accordingly, the parties believe that in order to ensure the availability of full, robust discovery in the event that this matter is not resolved by a dispositive motion, Local Rule 26-2's 180-day deadline for the completion of discovery in this matter should be extended by the amount of time necessary for the Court to decide Plaintiff's motion to compel. The parties respectfully request that the Court order such an extension of the deadline for the completion of discovery.

Finally, Plaintiff has conferred with Claimant about the contents of this stipulation and order. Although Claimant does not agree with Plaintiff's substantive and procedural arguments with respect to the subject of the anticipated motion to compel, the parties agree on the procedural propriety of temporarily halting discovery and extending the deadline for the completion of discovery at this time and in the manner outlined above.

| For Claimant: | For Plaintiff: |
|---|---|
| RICHARD M. BARNETT<br>A Professional Law Corporation | NICHOLAS A. TRUTANICH |
| _/s/ Richard M. Barnett_<br>RICHARD M. BARNETT<br>Attorney at Law | _____<br>JAMES A. BLUM<br>Assistant United States Attorney |
| Dated: 7-17-19 | Dated: _____ |

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: _____

3

The parties agree that it would be prudent and could conserve significant resources and expenses to have Plaintiff's motion to compel adjudicated before engaging in further discovery.

The parties cannot anticipate when the Court will resolve Plaintiff's motion to compel. Accordingly, the parties believe that in order to ensure the availability of full, robust discovery in the event that this matter is not resolved by a dispositive motion, Local Rule 26-2's 180-day deadline for the completion of discovery in this matter should be extended by the amount of time necessary for the Court to decide Plaintiff's motion to compel. The parties respectfully request that the Court order such an extension of the deadline for the completion of discovery.

Finally, Plaintiff has conferred with Claimant about the contents of this stipulation and order. Although Claimant does not agree with Plaintiff's substantive and procedural arguments with respect to the subject of the anticipated motion to compel, the parties agree on the procedural propriety of temporarily halting discovery and extending the deadline for the completion of discovery at this time and in the manner outlined above.

For Claimant:

RICHARD M. BARNETT
A Professional Law Corporation

_____
RICHARD M. BARNETT
Attorney at Law

Dated: _____

For Plaintiff:

NICHOLAS A. TRUTANICH

/s/ James A. Blum
JAMES A. BLUM
Assistant United States Attorney

Dated:   July 19, 2019

IT IS HEREBY ORDERED that a status conference is scheduled for 10:00 AM, November 12, 2019, in Courtroom 3D.

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE
DATED:   7-19-2019

3